[No. B021302. Second Dist., Div. Five. Dec. 18, 1986.]

COAST SAVINGS AND LOAN ASSOCIATION,
Plaintiff and Respondent, v.
CHARLES BLACK et al., Defendants and Appellants.

COUNSEL

Charles Black and Teresa Black, in pro. per., and Mary Thorndal for Defendants and Appellants.

Frandzel & Share, Peter Csato and Julia L. Birkel for Plaintiff and Respondent.

OPINION

**HASTINGS, J.**—Appellants Charles and Theresa Black (the Blacks), defendants in an unlawful detainer action filed by Coast Savings and Loan Association (Coast), sought a writ of supersedeas from this court to stay the effect of a stipulated judgment whereby Coast was to obtain immediate possession of a house occupied by the Blacks. We issued a temporary stay order on June 26, 1986, the date the petition for writ of supersedeas was filed. After reviewing opposition papers filed by Coast, we vacated the stay order and denied the petition on July 3, 1986.

This matter is now before the court on the issue of whether sanctions should be imposed against the Blacks and their counsel for filing a petition for extraordinary relief solely for the purpose of delay. (Code Civ. Proc., §§ 907, 1109.)[1] After a duly noticed order-to-show-cause hearing (*In re*

---

[1] Code of Civil Procedure section 907 provides, "When it appears to the reviewing court that [an] appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." This section is made applicable to original proceedings by Code of Civil Procedure section 1109.

*Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]), we have determined that sanctions against the Blacks are justified in this case.

The only exhibits attached to the Blacks' petition for writ of supersedeas and request for immediate stay were (a) a copy of the stipulated judgment, (b) a transcript of the hearing at which the parties acknowledged the stipulation in open court, (c) a copy of escrow instructions, (d) a notice of entry of judgment, dated May 22, 1986, and (e) a copy of the Blacks' notice of appeal, filed on or about June 16, 1986.

According to the facts set forth in the petition, Coast, having obtained title to the Black home by virtue of a foreclosure, had sought to evict the Blacks by bringing an unlawful detainer action against them. On the date set for trial, the parties entered into a stipulated judgment whereby the Blacks would purchase the home from Coast for $375,000. If the Blacks did not close the sale, Coast would have the right to immediate possession of the property. Entry of the judgment was stayed until July 7, 1986, when the escrow on the sale of the property was scheduled to close. However, the Blacks alleged in their petition that Coast had effectively precluded them from completing the deal by inserting in the escrow instructions an unconscionable provision which was not part of the stipulated judgment. The clause in question (par. 6 of the escrow instructions) read as follows:

"If escrow fails to close by reason of failure or refusal of Sellers to cure any title manner of which Buyer has not expressly approved, Buyer shall either proceed with purchase on AS IS bases or the escrow shall immediately terminate and Buyer shall immediately vacate the premises as more fully provided in the stipulation which is made a part hereof. In this regard Seller shall retain all funds previously tendered by Buyer to Seller, set forth in the Stipulation."

The effect of this somewhat unintelligible provision, according to the Blacks, is that the Blacks would have been forced to close escrow with a cloud on the title to the property. Closing escrow would have been virtually impossible, since the Blacks would not have been able to obtain either a loan or title insurance under such circumstances. The Blacks thus refused to open escrow. Coast responded by having the stipulated judgment entered and then attempting to gain immediate possession of the property.

Based upon the facts set forth in the petition, we issued a temporary stay order and solicited opposition from Coast. The opposition papers, filed by Coast on July 1, 1986,[2] revealed the following additional facts:

---

[2]In its opposition papers, Coast also requested that sanctions in the amount of $5,000 be imposed jointly and severally upon the Blacks and Mary Thorndal, the attorney who filed the petition for writ of supersedeas on their behalf.

The property was originally owned by Mr. and Mrs. Vie Ching Shiao, who had executed a promissory note in favor of Coast secured by the subject property.[3] The Blacks moved into the property pursuant to a purported lease/partnership agreement whereby the Blacks were to occupy the property, contribute certain improvements, then share in the profits with the Shiaos when the property was sold. Unfortunately, the Shiaos defaulted on their promissory note, prompting Coast to institute foreclosure proceedings.

As the foreclosure sale approached, the Blacks filed a complaint for declaratory relief and also sought to enjoin the foreclosure sale, claiming that they had an "equity interest" in the property. The Blacks recorded a lis pendens in connection with this lawsuit (the aforementioned Charles Black v. Vie Ching Shiao (Los Angeles Super. Ct. No. C576965). In these proceedings, the Blacks were represented by Attorney Ben Perkins. The Blacks' request for an injunction was denied, the foreclosure sale went forward, and Coast purchased the property.

The Blacks refused to vacate the property, so Coast filed a complaint in unlawful detainer on March 24, 1986, seeking possession of the property and damages for back rent ($8,000, or $2,000 per month for four months). At least one fact set forth in the Blacks' petition was accurate: on the date set for trial, the parties reached a settlement and the stipulated judgment was signed. According to counsel for Coast, Mrs. Black threatened during the proceedings leading to the settlement that if the Blacks were forced to vacate the premises, they would tear out all the "improvements" they had made. (In the stipulation subsequently entered into, the Blacks agreed not to commit waste on the property.)

Coast prepared escrow instructions, and the battle over paragraph 6 ensued. Under the stipulated judgment, the Blacks agreed to hold Coast harmless from any liability in connection with the Black v. Shiao lawsuit. According to Coast, paragraph 6 was inserted in the escrow instructions for its own protection: although the Blacks had agreed to dismiss Coast from the lawsuit, Coast was not protected should the Shiaos proceed against Coast and record a lis pendens on the property while it was in escrow. Paragraph 6 would force the Blacks to close escrow and take title, if necessary, subject to a cloud on the title created by the Shiaos.

Coast's counsel advised Attorney Perkins that failure to include such a clause in the escrow instructions would be a fraud on the Blacks' creditors,

---

[3]Reference was made in the stipulated judgment to a lawsuit entitled "Charles Black v. Vie Ching Shiao, etc., et al.," but this lawsuit was neither referred to nor explained in the body of the petition.

and Perkins advised the Blacks to execute the escrow instructions with paragraph 6 intact. The Blacks responded by firing Perkins, obtaining a new lawyer, Paul Levine, and commencing a series of legal maneuvers (culminating in the filing of the petition herein) designed to impede Coast's efforts to obtain the property. These various maneuvers are as follows:

*May 22, 1986:* After the Blacks refused to open escrow, Coast brought an ex parte motion for entry of the stipulated judgment, alleging that the Blacks had not complied with the terms of the stipulation. The motion was opposed by the Blacks, who claimed that it was Coast, and not them, who breached the terms of the agreement. The superior court specifically found that the Blacks, and not Coast, had breached the agreement, and also denied the Blacks' request that the judgment for possession of the property be stayed.

*June 10, 1986:* The Blacks, again represented by Mr. Perkins, filed ex parte a request for order shortening time for a hearing in which the Blacks would seek relief from the stipulated judgment. Once again, the Blacks sought a stay of the judgment. Mr. Perkins admitted that he advised the Blacks to sign the escrow instructions as prepared by Coast. The superior court once again refused to grant a stay and found that the inclusion of paragraph 6 was not a sufficient basis for the Blacks' refusal to execute the escrow instructions.

*June 11 or 12, 1986:* The sheriff arrived to evict the Blacks from the property, only to find one Thomas Lee Hunter in possession. Hunter insisted that he had lived on the property since before Coast filed its unlawful detainer action on the Blacks. The unexpected appearance of Mr. Hunter forced Coast to commence order-to-show-cause proceedings in order to evict him.

*June 13, 1986:* Coast brought an ex parte motion for an order to show cause why Hunter should not be evicted. The Blacks requested yet another stay of execution. Once again, their request was denied.

*June 16, 1986:* The Blacks, having associated Attorney Mary Thorndal as counsel, brought an ex parte application for an order shortening time for a hearing on a motion for (1) reconsideration of the court's order denying the Blacks' motion to set aside the judgment and (2) for a stay of execution pending appeal. The court denied the application but indicated it would consider the matter pursuant to a noticed motion. Following this hearing, Mrs. Black photographed Coast's counsel in the hallway of the courthouse, announcing that she "needed only one picture" and counsel should "watch out for himself."

Following this confrontation, Mrs. Black proceeded to the federal court-house, where she filed a Chapter 13 bankruptcy petition. The petition, which names Perkins as the petitioner's attorney and bears his signature, was filed without the knowledge of Attorney Thorndal.

*June 25, 1986:* Coast obtained relief from the automatic stay imposed by the bankruptcy filing, after the bankruptcy judge advised Mrs. Black that bankruptcy court was not an appellate court for a state court proceeding.

The Blacks then filed a *noticed* motion for reconsideration of Judge Jones' refusal to grant them a stay of execution. As with the ex parte motion, Judge Jones denied the request.

*June 26, 1986:* The Blacks filed their petition for writ of supersedeas in this court, seeking a stay pending their appeal of the stipulated judgment entered May 22, 1986.

The above chronology of events demonstrates that by the time the within petition was filed, the Blacks had requested and been refused a stay of execution of the stipulated judgment no less than five times and had engaged in other tactics aimed at delaying execution of the stipulated judgment, including filing a bankruptcy proceeding and producing Mr. Hunter at the appropriate moment, thus forcing Coast to commence another eviction proceeding.

Based upon these facts, we could not help but conclude that the petition for writ of supersedeas was simply another delaying tactic on the part of the Blacks. We therefore issued an order directing the Blacks to appear before this court on July 14, 1986, to show cause why sanctions should not be awarded against them for filing the within petition solely for purposes of delay.

Despite having received timely notice of the July 14 hearing, the Blacks did not appear at the hearing.[4] Attorney Thorndal appeared at the hearing and informed this court that she had been relieved as counsel by the Blacks and could not argue on their behalf. Attorney Thorndal further represented that she was not aware the court was considering sanctions against her and was not prepared to argue on her behalf at that time.

Concluding that the Blacks had received notice of the hearing and had failed to appear, despite having dismissed their counsel, we permitted the

---

[4]This court's minute order for that date reflects that the Blacks were not only informed of the hearing by their counsel, Mary Thorndal, but were in contact with the clerk of this court regarding the court's order to show cause.

hearing to proceed as to the Blacks and the cause was argued by counsel for Coast. The hearing was recessed and Attorney Thorndal was ordered to return on July 21, 1986, for a hearing regarding sanctions against her. (We ultimately concluded that sanctions against Attorney Thorndal were not warranted.)[5]

This court has made clear in the past that it will not condone the actions of litigants to misuse this court's process solely for the purpose of delay. (See *Hersch* v. *Citizens Savings & Loan Assn.* (1983) 146 Cal.App.3d 1002 [194 Cal.Rptr. 628].) The Blacks' efforts to manipulate and abuse the processes of this and other courts are manifest in this case.

The Blacks engaged in a series of procedural maneuvers, in both the Los Angeles Superior Court and the federal court, designed to stay the effect of a judgment to which they had stipulated. By the time the matter reached this court, the superior court had twice rejected the Blacks' claims that Coast had breached the agreement of sale. One of these rulings was made after the Blacks' then-attorney, Mr. Perkins, admitted that he had advised the Blacks to sign the escrow instructions as prepared by Coast. Further, the Blacks had made four different requests for a stay of execution of the judgment, and had been turned down by the superior court each time. After their last request was denied, they filed a petition for extraordinary relief which misstated the facts of the case in a manner designed to evoke the sympathies of this court and delay the inevitable even further by procuring a temporary stay. Once the petition was denied and Coast was finally successful in evicting the Blacks from the property, the Blacks apparently abandoned their appeal of the stipulated judgment, having failed to perfect the appeal in the manner set forth in the California Rules of Court. All of these facts demonstrate that the Blacks' petition for writ of supersedeas was simply another one of their continuing efforts to delay the proceedings and prevent Coast from obtaining possession of the subject property.

Counsel for Coast has filed with this court a declaration setting forth the attorneys' fees incurred by Coast which are attributable to the Blacks' delaying tactics. Unfortunately, this court does not have jurisdiction to award sanctions in connection with any of the superior court proceedings. We

---

[5]At the hearing with respect to Attorney Thorndal, counsel for Coast represented to this court that in Coast's most recent efforts to evict the Blacks, made after the petition for writ of supersedeas was denied, it was thwarted once again by the Blacks' filing of another bankruptcy petition. A deputy marshal arrived at the Blacks to serve a writ of execution, only to be informed by Mr. Black that he (Black) had filed a bankruptcy petition the week before. The deputy marshal, having acquired some sophistication in these matters, asked Mr. Black for the filing number of the bankruptcy proceeding. Black referred the marshal to Attorney Perkins, who provided the marshal with a case number. In fact, the bankruptcy proceeding was not filed until later that day, on behalf of both Blacks.

therefore hold that Coast is entitled to recover as damages pursuant to Code of Civil Procedure section 907 the sum of $10,000 against appellants Charles and Theresa Black.

The appeal in proceeding number B021302 is hereby dismissed pursuant to rule 10(c), California Rules of Court.

Ashby, Acting P. J., and Eagleson, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 4, 1987.