[No. B133453. Second Dist., Div. Three. June 27, 2001.]

DANA COMMERCIAL CREDIT CORPORATION, Plaintiff and Respondent, v.
FERNS & FERNS et al., Defendants and Appellants.

**COUNSEL**

Ferns, Adams & Associates, Barry Ferns and Laurel Adams for Defendants and Appellants.

Younesi & Yoss, Jan A. Yoss and Barbara Ciolino for Plaintiff and Respondent.

**OPINION**

**KLEIN, P. J.—** Respondent Dana Commercial Credit Corporation (Dana) seeks sanctions for a frivolous motion by appellants Ferns &

Ferns, Barry Ferns and Karen Ragland (hereafter appellants) to recall the remittitur, which issued after dismissal of the appeal became final.[1, 2]

The essential issue presented is whether this court has the inherent authority to impose sanctions for the making of a frivolous *motion* on appeal, as contrasted with sanctions for the prosecution of a frivolous appeal.

This court has inherent powers requisite to its proper functioning, including the power to preserve order in its proceedings. Consequently, this court has the inherent power to impose sanctions for the filing of a frivolous motion in this court.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Prior proceedings.*

On November 14, 1997, Dana filed a legal malpractice action against appellants. Thereafter, Ferns, Garwacki & Adams was substituted in as Doe 1. On May 7, 1999, following the issuance of evidentiary and issue preclusion sanctions against appellants (Code Civ. Proc., § 2023, subd. (b)),[3] the trial court entered a judgment in favor of Dana in the sum of $159,805. This appeal followed.

On June 19, 2000, Dana filed a motion to dismiss the appeal, or in the alternative, to strike the appellant's brief. The motion was made on the grounds that, in addition to submitting a brief nearly devoid of legal authority, appellants had failed to procure a clerk's transcript or create an appellant's transcript, and had failed to cite to the record, with the exception of a few references to the reporter's transcript. Dana emphasized appellants "have had nine months to procure a record and to draft a brief conforming to the Rules of Court. Despite many chances given by this Court to Appellants, they still refuse to abide by the Rules . . . ." (Italics deleted.)

---

[1]Prior to oral argument, the parties reached a settlement and stipulated to take the hearing on the request for sanctions off calendar, rendering the matter moot. However, " '[i]t is now established law that where . . . issues on appeal affect the general public interest . . . , and there is reasonable probability that the same questions will again be litigated and appealed, an appellate court may, although the appeal be subject to dismissal, nevertheless adjudicate the issues involved. [Citations.]' [Citation.]" (*California Ins. Guarantee Assn. v. Liemsakul* (1987) 193 Cal.App.3d 433, 436-437, fn. 1 [238 Cal.Rptr. 346].)

Accordingly, we elect to pass upon the issue presented herein, as it is likely to recur.

[2]For examples of published decisions arising out of motions on appeal, see *Life v. County of Los Angeles* (1990) 218 Cal.App.3d 1287, 1290 [267 Cal.Rptr. 557] (motion to dismiss appeal) and *People v. Scott* (1998) 64 Cal.App.4th 550, 553 [75 Cal.Rptr.2d 315] (motion to proceed in propria persona on appeal).

[3]All further statutory references are to the Code of Civil Procedure, unless otherwise indicated. Also, all rule references are to the California Rules of Court.

On July 11, 2000, this court granted the dismissal motion, ruling: "The record in this matter demonstrates, and appellants have made no attempt to dispute, a flagrant disregard of the rules relevant to the preparation and timely filing of a record. This Court has on several occasions relieved appellants from repeated procedural defaults. Further consideration of appellants' inability or unwillingness to comply with the rules serves no legitimate purpose, is unfair to respondent and improperly burdens this Court. For all of the reasons outlined in respondent's uncontested motion, the appeal should be and is hereby dismissed."

On July 27, 2000, appellants filed a motion to vacate the dismissal. The motion was denied. The remittitur issued on September 22, 2000.

The day the remittitur issued, appellants filed a motion to recall the remittitur, vacate the dismissal and reinstate the appeal. On November 1, 2000, this court denied appellants' motion to recall the remittitur. Thereafter, appellants filed a petition for review, which was denied by the Supreme Court on January 17, 2001.

2. *The second motion to recall the remittitur.*

On March 28, 2001, appellants filed another motion to recall the remittitur, claiming Dana had procured the dismissal through fraud, in that the *cover* of the dismissal motion served on appellants' counsel was captioned "MOTION FOR AN EXTENSION OF TIME TO FILE RESPONDENT'S BRIEF," and because appellants did not oppose an extension of time, they did not respond to said motion.

Dana filed an opposition, urging denial of the motion and requesting $13,812 in sanctions. Dana pointed out that appellants' petition for review, filed December 11, 2000, contended: "Appellants did not realize that [Dana] had filed a Motion to Dismiss, as the [cover] of the Motion refers to a Motion for an Extension of time, which the Appellants did not oppose." As indicated, the Supreme Court denied the petition for review. Thus, this "fraud" claim, based on an inconsistency between the caption and contents of Dana's motion to dismiss, had previously been raised and rejected.

On April 16, 2001, we summarily denied the motion to recall the remittitur, and pursuant to rule 41(b), we placed the motion for sanctions on calendar for hearing.[4]

---

[4]After the matter was settled, appellants took the position this court lacked jurisdiction to address the sanctions issue because the remittitur had not been recalled. The argument is

ISSUE

■ The essential issue presented is this court's authority to impose sanctions for the filing of a frivolous *motion* on appeal.

DISCUSSION

1. *This court has the inherent power to impose sanctions for the filing of a frivolous motion on appeal.*

Section 907 states: "When it appears to the reviewing court that the *appeal* was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (Italics added.)[5] Rule 26(a)(2) likewise authorizes this court to impose sanctions "[i]f the *appeal* is frivolous or taken solely for the purpose of delay or if any party . . . has been guilty of any other unreasonable infraction of the rules governing appeals . . . ." (Italics added.)[6] However, these provisions pertain to the imposition of sanctions for either a frivolous *appeal* or a specific violation of the appellate rules. Likewise, the leading case of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] addresses the court's power to impose sanctions for the prosecution of frivolous *appeals*.

With respect to sanctions for frivolous motions, section 128.5, subdivision (a), states in relevant part: "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay."[7]

However, section 128.5 pertains to *trial court proceedings*; it does not speak to an appellate court's power to impose sanctions for frivolous motions. Nonetheless, the statute's rationale, to compensate the prevailing party

meritless. Appellants invoked the jurisdiction of this court in moving to recall the remittitur. Thus, this court had jurisdiction to entertain the motion to recall the remittitur, as well as the motion by Dana for sanctions.

[5]Section 907 is also made applicable to original proceedings by section 1109. (*Coast Sav. & Loan Assn. v. Black* (1986) 187 Cal.App.3d 1494, 1495, fn. 1 [232 Cal.Rptr. 483].)

[6]Rule 26 also has been construed to extend to writ petitions "in light of the express language of rule 53 applying the rules to 'original proceedings' in the Courts of Appeal and directing that they 'be liberally construed to secure the just and speedy determination of appeals, transfers and original proceedings.' " (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 96-97 [31 Cal.Rptr.2d 264], fn. omitted.)

[7]Section 128.5 is now limited to actions filed on or before December 31, 1994, and has been temporarily replaced by section 128.7, which if not extended will expire on January 1, 2003. (*Bryan v. Bank of America* (2001) 86 Cal.App.4th 185, 196-197 [103 Cal.Rptr.2d 148]; see also § 128.6, operative Jan. 1, 2003 [sanctions for "bad-faith actions or tactics"].)

as well as to control burdensome and unnecessary legal tactics (*Pacific Trends Lamp & Lighting Products, Inc. v. J. White, Inc.* (1998) 65 Cal.App.4th 1131, 1136 [76 Cal.Rptr.2d 918]), is equally applicable to appellate proceedings.

A similar issue was presented in *Warren v. Schecter* (1997) 57 Cal.App.4th 1189, 1198 [67 Cal.Rptr.2d 573], wherein the respondent sought calendar preference on appeal due to her medical condition. We noted the circumstances fit most closely within section 36, dealing with trial setting preference, which provides, inter alia, for preference where a party suffers from an illness or condition raising substantial medical doubt of survival beyond six months. (§ 36, subd. (d); *Warren v. Schecter, supra,* at p. 1199.) However, section 36 does not speak to calendar preference on appeal, only to trial setting preference. (*Warren v. Schecter, supra,* at p. 1199.)

Nonetheless, we granted the request for preference, reasoning: "[T]he statute's rationale for granting calendar preference to certain litigants is equally applicable to appellate proceedings. [¶] 'It is beyond dispute that "Courts have inherent power, as well as power under section 187 of the Code of Civil Procedure, [fn. omitted] to adopt any suitable method of practice, both in ordinary actions and special proceedings, if the procedure is not specified by statute or by rules adopted by the Judicial Council." [Citation.]' [Citations.]" (*Warren v. Schecter, supra,* 57 Cal.App.4th at p. 1199.)

By a parity of reasoning, in view of this court's inherent power to control its own proceedings, we conclude our sanctions authority is not limited to frivolous appeals. "[E]very court of record has powers requisite to its proper functioning as an independent constitutional department of government [citations] including the power . . . to preserve order in the court . . . ." (*Bloniarz v. Roloson* (1969) 70 Cal.2d 143, 147-148 [74 Cal.Rptr. 285, 449 P.2d 221].) Consequently, this court has the inherent authority to impose sanctions for the filing of a frivolous *motion* on appeal, and will exercise its discretion to do so upon an appropriate showing.[8, 9]

---

[8]Had Dana not withdrawn its request for sanctions, on this record, we would not have hesitated to impose sanctions.

[9]As in *Warren v. Schecter,* we suggest that the Judicial Council amend the California Rules of Court to make explicit what is currently only implicit, in this case, to expressly recognize the authority of a reviewing court to impose sanctions for the filing of a frivolous motion on appeal. (*Warren v. Schecter, supra,* 57 Cal.App.4th at pp. 1199-1200.) The Judicial Council is empowered to "adopt rules for court administration, practice and procedure, . . . not . . . inconsistent with statute." (Cal. Const., art. VI, § 6.)

## DISPOSITION

The motion for sanctions is dismissed.

Croskey, J., and Aldrich, J., concurred.