Filed 3/22/21  Semeil v. Nelson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| GEORGE SEMEIL, | C090242 |
| Plaintiff and Appellant, | (Super. Ct. No. PC20160078) |
| v. | |
| MILES NELSON et al., | |
| Defendants and Respondents. | |

George Semeil filed a complaint against Dog Ear Publishing, LLC (Dog Ear), Miles Nelson, Ray Robinson, Alan Harris, and Ralph Sanders for public disclosure of private facts related to the publication of an e-mail Semeil sent to Nelson.  After sustaining a demurrer to Semeil's first amended complaint with leave to amend, the trial court sustained a demurrer to Semeil's second amended complaint without leave to amend.  On appeal, Semeil argues he pleaded sufficient facts to state a cause of action. We affirm the judgment.

1

BACKGROUND

According to Semeil's original complaint, Nelson, Robinson, and Harris are owners of the publishing company Dog Ear.[1]  In January 2015, Semeil sent an e-mail to Nelson regarding Sanders, who had previously published books with Dog Ear.  The e-mail contained Semeil's personal e-mail address, stated the contents of the e-mail were only intended for Nelson, and included a notice stating:  "Any unauthorized use, disclosure or distribution to [Sanders] and his representatives or associates is hereby prohibited."  Nelson, Robinson, and Harris gave Semeil's e-mail to Sanders.  Sanders then posted Semeil's e-mail on a public website.  Semeil sent Nelson, Robinson, and Harris additional communications, with the same confidentiality notice, demanding an explanation and threatening litigation.  After receiving no responses, Semeil filed an unlimited civil complaint in El Dorado County in February 2016.

Semeil's original complaint asserted one cause of action for "Public Disclosure of Private Facts."  Semeil alleged Dog Ear, Nelson, Robinson, Harris, and Sanders "publicized private information concerning" Semeil and that a reasonable person "would consider the publicity highly offensive."  Though the website eventually redacted Semeil's personal e-mail address, the harm was "already done."[2]  Semeil filed a first amended complaint in March 2016.

Dog Ear, Nelson, Robinson, and Harris demurred to both the original complaint and the first amended complaint.  In August 2017, the court sustained the demurrer to the first amended complaint with leave to amend.  Semeil filed a second amended complaint

[1]  This complaint was not included in the clerk's transcript but is instead attached to Semeil's civil appeal mediation statement.  No other complaint appears in the appellate record or elsewhere in files provided to this court.

[2]  The complaint also purports to attach the e-mail but no attachments are included with this complaint or included elsewhere in the appellate record.

2

in September 2017 and Dog Ear, Nelson, Robinson, and Harris demurred again.  In April 2018, the trial court sustained this demurrer without leave to amend.  In May 2018, a hearing notice of an intent to dismiss the action was filed and Semeil filed an objection to the dismissal.  The hearing was continued on several occasions.  Semeil then filed another "Second Amended Complaint" on April 5, 2019.[3]

On July 12, 2019, the court dismissed the second amended complaint and entered judgment in favor of the demurring parties.  In its order dismissing the action, the court explained Semeil did not obtain leave of court to file the April 2019 "Second Amended Complaint."  Regardless, this complaint did not significantly differ from the second amended complaint filed in September 2017:  "The gravamen of [Semeil's] complaint is the alleged publication of [an] email he sent to [Dog Ear] and [Nelson] on January 20, 2015 by providing [Sanders] with a copy of that email.  In sustaining the demurrer to the Second Amended Complaint filed on September 5, 2017, this court held that the disclosure of information in the January 20, 2015 email 'do not appear to be so offensive as to shock the community's notions of decency' and did not grant [Semeil] leave to further amend the complaint because he had already had three opportunities to do so . . . .  Therefore, [Semeil] having failed to obtain leave of court to further amend the pleadings, the Second Amended Complaint filed on April 5, 2019 is stricken."[4]

On August 15, 2019, Semeil filed a notice of appeal from a "[j]udgment of dismissal after an order sustaining a demurrer."

---

[3]  The amended complaints, demurrers, and statements of decision sustaining the demurrers are not included in the appellate record.

[4]  The court's opinion also noted that Semeil never served Sanders with any complaint in the action.  But it appears this was incorrect, as the docket shows Sanders was served, was placed on default, and the court later removed Sanders from the dismissal and returned him to default status.

DISCUSSION

*Deficiencies in Semeil's Record*

Before reaching the substance of Semeil's claims, we address his failure to comply with the California Rules of Court on appeal.

Pro. per. litigants are held to the same standards and must follow the same rules of procedure as litigants who are represented by counsel. "[M]ere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation. (See *Lawrence v. Superior Court* (1988) 206 Cal.App.3d 611, 619, fn. 4.) . . . [citation] . . . A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Part of an appellant's burden in showing error is to provide an adequate record from which the claimed error may be demonstrated; the failure to present such a record can be fatal to appellate contentions. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 478 [court rejected a claim that demurrer was improperly sustained where the appellant failed to present adequate record by including operative complaint and demurrers].)

Semeil failed to designate an adequate appellate record, omitting essential documents from the proceedings below. He did not include the second amended complaint (the operative complaint), nor the demurrer, nor the trial court's statement of decision sustaining the demurrer. The lack of the statement of decision is particularly debilitating to our review because "[t]he statement of decision provides the trial court's reasoning on disputed issues and is [the appellate court's] touchstone to determine whether or not the trial court's decision is supported by the facts and the law." (*Slavin v. Borinstein* (1994) 25 Cal.App.4th 713, 718; see *Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129 [statement of decision "may be vitally important

4

to the litigants in framing the issues, if any, that need to be considered or reviewed on appeal . . . [and] may render obvious the futility of an appeal"].)

Semeil did attach his original complaint to his civil appeal mediation statement, but this did not comply with the procedures for including exhibits in the appellate record. (See Cal. Rules of Court, rule 8.122(a)(3) & (b)(3)(B).) Even if we did rely on this complaint it would not aid us in evaluating Semeil's contention that the trial court improperly sustained the demurrer as to his *second amended* complaint. The version of the complaint attached to Semeil's mediation statement also does not include the e-mail that was allegedly published, which is listed as an attachment to the complaint.

Based upon the noncompliant nature of Semeil's failure to present an adequate appellate record, it might be appropriate for us to rule his contentions have been forfeited. (See *State Comp. Ins. Fund v. WallDesign Inc*. (2011) 199 Cal.App.4th 1525, 1528-1529, fn. 1.) But, despite an inadequate record, we find Semeil has not sustained his burden on the merits.

*Standard of Review*

A demurrer is used to test the sufficiency of the factual allegations of the complaint to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) " 'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' " (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) " 'And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

5

*Analysis*

Semeil asserts the court abused its discretion by dismissing his second amended complaint without providing leave to amend. He claims he provided sufficient facts to establish the respondents publicly disclosed his "private and secure e[-]mail address and telephone number," and the trial court should have granted liberal opportunities to amend because he is a pro. per. litigant.[5] We disagree.

Semeil cites no facts nor any law that could establish his ability to state a valid claim. Semeil provides no statute or principle of decisional law that prohibits disclosure of personal information exchanged between private parties in the absence of a contract or some special relationship. Even if there were a basis for such recovery, the burden is on Semeil as plaintiff to share those authorities with us; he has not.

There is also no basis for a claim of public disclosure of private facts. To establish this claim "the plaintiff must plead and prove (1) public disclosure (2) of a private fact (3) that would be offensive and objectionable to the reasonable person and (4) is not of legitimate public concern." (*Jackson v. Mayweather* (2017) 10 Cal.App.5th 1240, 1256.) "The gravamen of the tort is unwarranted publication of intimate details of plaintiff's private life." (*Porten v. University of San Francisco* (1976) 64 Cal.App.3d 825, 828.)

The disclosure alleged against the respondents in this appeal was providing an e-mail to Sanders. This is disclosure to only one person, not the public. Though "no California case has defined the number of people necessary to justify a finding of publicity," cases have found communication to a single recipient is insufficient. (*Kinsey v. Macur* (1980) 107 Cal.App.3d 265, 271-272; see *Porten v. University of San Francisco, supra*, 64 Cal.App.3d at pp. 828-829 [plaintiff could not state cause of action because disclosure "was not a communication to the public in general or to a large

---

[5] Respondents did not file briefs.

number of persons"]; *Warfield v. Peninsula Golf & Country Club* (1989) 214 Cal.App.3d 646, 660 ["the required threshold allegation of a general public disclosure is absent"].) Disclosure of his "private and secure e[-]mail address and telephone number" is also not private information of an intimate nature. An e-mail address and phone number are means of communicating with him, disclosure of which may have annoyed Semeil but he provides no support to conclude that a reasonable person would find such disclosure offensive and objectionable. (See *Karimi v. Golden Gate School of Law* (N.D.Cal. 2019) 361 F.Supp.3d 956, 980 [where a law school dean e-mailed the school community regarding student's suspension, the court found "[n]o reasonable finder of fact could conclude that the email disclosed intimate private details of [plaintiff's] life"].)

Even though Semeil provided an inadequate record, the trial court did not abuse its discretion in sustaining the demurrer without leave to amend.

DISPOSITION

The judgment is affirmed.

_____/s/_____<br>
RAYE, P. J.

We concur:


_____/s/_____
HULL, J.


_____/s/_____
HOCH, J.

7