Filed 4/21/21  P. v. Martinez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES RAY MARTINEZ,<br><br>    Defendant and Appellant. | H048045<br>(Santa Clara County<br> Super. Ct. No. C1230681) |

Under Penal Code section 1170, subdivision (d)(1)[1] (hereafter section 1170(d)(1)), the trial court may "at any time upon the recommendation of the secretary or the Board of Parole Hearings" recall an inmate's sentence and resentence that individual.  Appellant Charles Ray Martinez was the subject of such a recommendation.  The trial court declined to recall Martinez's sentence, and Martinez argues the trial court abused its discretion in so doing.  For the reasons explained below, we agree and therefore vacate the order and remand the matter to the trial court for it to exercise its informed discretion under the statute.

---

[1] Unspecified statutory references are to the Penal Code.

# I. FACTS AND PROCEDURAL BACKGROUND

The record on appeal contains no information about the facts of Martinez's offenses.  In June 2013, Martinez was charged by information with assault with a firearm (§ 245, subd. (a)(2); count 1) with an enhancement for the personal use of a firearm (§ 12022.5, subd. (a)), shooting at an inhabited dwelling (§ 246; count 2) with an enhancement for personal use of a dangerous or deadly weapon (§§ 667, 1192.7), shooting at an occupied motor vehicle (§ 246; count 3) with an enhancement for personal use of a dangerous or deadly weapon (§§ 667, 1192.7), theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a); count 4), misdemeanor resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1); count 5), misdemeanor possession of burglar tools (§ 466; count 6), misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1; count 7), and owning, purchasing, receiving, or possessing a firearm by a felon (§ 12021, subd. (a)(1); count 8).  The information further alleged Martinez had a prior serious felony conviction (§ 667, subd. (a) (hereafter § 667(a)), a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12), two prior prison terms for a felony conviction (§ 667.5, subd. (b)), and Martinez was on state parole when he committed the offenses (§ 1203.085, subd. (b)).

On November 22, 2013, the trial court sentenced Martinez to an aggregate term of 12 years in prison, which term included five years for the prior serious felony conviction enhancement under section 667(a).

On November 22, 2019, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) wrote a letter to the trial court.  The letter described its purpose as "provid[ing] the court with authority to resentence [Martinez] pursuant to Penal Code section 1170, subdivision (d)."  The letter stated, "Courts were previously barred from striking prior serious felony convictions [under section 667(a)] for purposes of enhancement under this section.  However, effective September 30, 2018, courts are now authorized to exercise their discretion to strike prior serious felony convictions for

purposes of enhancement under this section, or to strike the punishment for the enhancement under this section, pursuant to section 1385. [¶] In light of the court's newfound authority to not impose a consecutive enhancement pursuant to section [667(a)] (authority which did not exist at the time of Martinez's sentencing) I recommend that inmate Martinez's sentence be recalled and that he be resentenced in accordance with section 1170, subdivision (d)." The letter included an attachment that listed the rehabilitative and educational programs Martinez had completed while in custody and indicated he had not been the subject of any reports of rules violations.

On January 8, 2020, the trial court issued an order denying the request. The trial court order reads in relevant part, "[t]he request states one justification for the recommendation: that Mr. Martinez'[s] sentence includes a 5-year enhancement (Pen. Code, section 667(a)) and as of January 1, 2018, SB 1393 gave trial courts the authority to stay or strike the punishment for these enhancements. [¶] SB 1393 applies to any case not final on appeal when the law went into effect. [Citation.] Mr. Martinez'[s] case, however, had been final on appeal for several years as of January 1, 2018. This court declines to extend the reach of SB 1393 to cases final on appeal as of January 1, 2018. If the [L]egislature wanted SB 1393 to have such a wide reach, it could have included specific language making the law retroactive to all cases. [¶] As this was the only reason stated in the recommendation, the court declines the invitation to recall the sentence in this case. The sentence will remain as originally ordered."

## II. DISCUSSION

Martinez appeals the trial court's order declining to recall his sentence and resentence him pursuant to section 1170(d)(1). Martinez contends the trial court erred in its legal conclusion that it did not have the authority to resentence him. Further, Martinez argues that, even assuming the trial court understood it had the authority to resentence him but chose not to exercise that authority, the trial court abused its discretion because it imposed a "blanket polic[y]" on Martinez instead of making an individualized

3

determination. Martinez requests that this court vacate the trial court's order and remand the matter for the trial court to exercise its discretion in light of the facts of Martinez's case.

The Attorney General agrees the trial court erred and states the trial court misunderstood the basis for the secretary's recommendation. The Attorney General acknowledges that, while "the secretary's letter could have been clearer in explaining the basis for his recommendation[,] [r]ather than an attempt to subvert the retroactivity limitation of SB 1393, the recommendation was the product of a multilevel, individualized determination that [Martinez] was suitable for resentencing." The Attorney General states that, because the trial court did not understand that the secretary had made an individualized determination as to Martinez's suitability for resentencing, remand is appropriate for the court to exercise its informed discretion about whether to grant or deny recall and resentencing. The Attorney General asserts that "[i]n rendering its decision, the court must consider appellant's postconviction conduct in prison as reflected in the materials forwarded by the secretary."

In deciding whether the trial court erred, we first consider the applicable statutes and regulations. Section 1170(d)(1) states in relevant part, "When a defendant . . . has been sentenced to be imprisoned in the state prison . . . the court may . . . at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

With respect to factors for the court to consider when resentencing, the provision directs the trial court to "apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1170(d)(1).) In resentencing, the court "may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea

4

agreement, if it is in the interest of justice" and "may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (§ 1170(d)(1).)

Administrative regulations, in turn, set out the circumstances under which the secretary may exercise his or her discretion to recommend to the court that an inmate's sentence be recalled. (Cal. Code Regs., tit. 15, § 3076.1.) These regulations also detail the relevant procedures.[2] One such circumstance is when there is a change in the sentencing law. (*Id.* at § 3076.1(a)(3).) However, individuals may not be considered by the secretary for recall and resentencing due to a subsequent statutory change if, among other disqualifying factors, they have not served as least five years or 50 percent of their current commitment or if they have been found guilty of a serious or violent rules violation within the previous year. (*Id.* at § 3076.1(d)(2)). The secretary must elect whether to recommend an inmate for recall and resentencing by exercising the secretary's "broad discretion" and if, so recommending, must forward a recommendation letter and cumulative case summary to the sentencing court and provide a copy to the inmate. (*Id.* at §§ 3076.1(e)(2), 3076.1(e)(4).)

---

[2] The regulation cited herein (Cal. Code Regs., tit. 15, § 3076.1) took effect on January 1, 2020. The version in effect when the secretary wrote to the trial court in November 2019, though less detailed, similarly listed factors for the secretary's consideration "when recommending recall of commitment consideration for an inmate" including among others the "inmate's commitment offense," "documented institutional behavior," and "any other criminal acts, either prior to or during the current period of incarceration, that indicates he or she would be a danger to the public if released." (Former Cal. Code Regs., tit. 15, § 3076.1, eff. Jan. 17, 2013.)

We review the trial court's decision whether to recall an inmate's sentence under section 1170(d)(1) for abuse of discretion. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 211 (*McCallum*).) "There are two ways to show an abuse of discretion by the trial court. One way is to show the ruling was whimsical, arbitrary, or capricious, i.e., that the trial court exceeded the bounds of reason. [Citation.] The other way is to show the trial court erred in acting on a mistaken view about the scope of its discretion." (*Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 285; see also *People v. Zeigler* (2012) 211 Cal.App.4th 638, 668 ["An abuse of discretion may be shown where the trial court was mistaken about the scope of its discretion."].)

The trial court here correctly concluded that Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393)—which allows a trial court to dismiss a serious felony enhancement under section 667(a) in furtherance of justice and became effective on January 1, 2019—applies retroactively only to judgments not yet final on appeal. (See *People v. Stamps* (2020) 9 Cal.5th 685, 693, 699.) As Martinez's 2013 conviction was long final by 2019, Senate Bill 1393 does not of its own force apply to Martinez's conviction.

However, due to the secretary's discretionary decision to recommend that Martinez's sentence be recalled for resentencing under section 1170(d)(1), the trial court gained the authority to vacate Martinez's sentence and resentence him as if he had never been previously sentenced. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 (*Dix*).) As the California Supreme Court has observed, "the resentencing authority conferred by section 1170(d) is as broad as that possessed by the court when the original sentence was pronounced" (*id.* at p. 456) and "by enacting section 1170(d), the Legislature intended to retain, within the limits of determinate sentencing, the preexisting judicial power to recall and reconsider a sentence on individual grounds." (*Id.* at p. 458.) In other words, the secretary's decision gave the trial court jurisdiction to apply to Martinez the law in effect at the time of the potential recall of the sentence—in this case, 2019.

6

Therefore, the trial court appears to have been mistaken when it referenced retroactivity principles and the legislative intent behind Senate Bill 1393 when considering the secretary's request. The relevant legislative intent is not that applicable to Senate Bill 1393 but instead that for section 1170(d). With the latter, the legislature gave trial courts broad powers to recall a sentence and resentence an inmate according to the law in effect at the time of the recall of the sentence. (*Dix*, *supra*, 53 Cal.3d at p. 456.)

Because it appears that the trial court was mistaken about the scope of its discretion under section 1170(d)(1), we conclude the trial court abused its discretion in denying the secretary's request. We will therefore vacate the trial court's order and remand the matter for it to exercise its informed discretion whether to grant the secretary's request.

For the benefit of the trial court on remand, we make a few additional observations. We agree with the Attorney General that the trial court should exercise its discretion whether to recall Martinez's sentence and resentence him based on the particular facts of Martinez's situation. (See *Dix*, *supra*, 53 Cal.3d at p. 458 [referencing the "individual grounds" underlying the trial court's decision].) Further, "[i]n deciding whether to recall a sentence under section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' " (*McCallum*, *supra*, 55 Cal.App.5th at p. 210.) While the statute clearly authorizes the trial court to consider "postconviction factors," (§ 1170(d)(1)), we disagree with the Attorney General's contention that the trial court must do so. The text of the statute makes clear that this factor is a permissible but not a mandatory consideration.

Finally, the trial court has broad discretion whether to recall and resentence Martinez. "[T]he Secretary's recommendation letter is but an invitation to the court to exercise its equitable jurisdiction," which "furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence." (*People v. Frazier* (2020) 55

7

Cal.App.5th 858, 866).  We express no opinion about how the trial court should exercise its discretion when deciding whether to recall and resentence Martinez.

## III.  DISPOSITION

The trial court's January 8, 2020 order is reversed.  The matter is remanded to the trial court to exercise its discretion under Penal Code section 1170, subdivision (d)(1) whether to recall and resentence appellant.

_____
                     Danner, J.

WE CONCUR:

_____
Elia, Acting P.J.

_____
Grover, J.

**H048045**
*People v. Martinez*