Filed 10/28/22  Bedolla v. Wang CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KEVIN BEDOLLA, | H047272 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 18-CV-325918) |
| v. | |
| ADAM WANG et al., | |
| Defendants and Appellants. | |

This is an appeal from the denial of defendants' motion to strike a cause of action for malicious prosecution under Code of Civil Procedure section 425.16 (the "anti-SLAPP" statute).[1]  The motion was denied as untimely in the exercise of the trial court's discretion.  For the reasons stated here, we will affirm.

## BACKGROUND

Plaintiff is an attorney who represented defendant LIL, Inc. (LIL), in a civil matter.  When LIL failed to pay for services rendered, plaintiff sued LIL and its officers and directors (defendants Adam Wang and Jennifer Wang) for breach of contract and common counts (the collection action).  Several months into the collection action and after not opposing plaintiff's request for a prejudgment writ of attachment, defendants cross-complained to allege breach of fiduciary duty, fraud, breach of contract, and unjust enrichment, and they demanded a jury trial.  Plaintiff prevailed at trial in the collection

---

[1] SLAPP is an acronym for " 'strategic lawsuit against public participation.' " (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)

action.  Judgment was entered on April 24, 2017, in favor of plaintiff and against defendants in the amount of $115,806.86.  The trial court denied plaintiff's posttrial motion for attorney fees as a sanction under Code of Civil Procedure section 128.5.

Plaintiff sued defendants again a year later for malicious prosecution, alleging defendants had acted without probable cause in bringing the cross-complaint in the collection action, their sole purpose being to annoy and harass plaintiff so that he would dismiss his case.  The complaint was personally served on May 3, 2018.

On July 10, 2018, defendants filed an anti-SLAPP motion to strike the new complaint under Code of Civil Procedure section 425.16.  Defendants based their motion on res judicata and collateral estoppel arising from two rulings in the collection action which they contended "tested the merits of the cross-complaint."  They also asserted the denial of plaintiff's motion to strike the cross-complaint as a discovery sanction was " 'an interim victory' " which established probable cause, and the denial of plaintiff's posttrial motion for sanctions in the form of attorney fees under Code of Civil Procedure section 128.5 "demonstrate[d] as a matter of law that the [c]ross-[c]omplaint . . . had probable cause."  Defendants asked the trial court to take judicial notice of the collection judgment and documents related to the postjudgment attorney fees motion, including the transcript of the hearing on that motion.  In a supporting declaration, Adam Wang stated that the special motion to strike could not be filed within 60 days after the complaint was served because he was unable to obtain the transcript from the postjudgment hearing in the collection action before July 5, despite his "prompt request and numerous follow-ups."  He attached e-mail correspondence with the court reporter about the request.

Plaintiff opposed the motion on timeliness grounds.  The motion was filed eight days late (and set for hearing 26 days late), and he argued defendants failed to provide a basis to excuse either deadline.  As to issue preclusion, plaintiff argued that neither ruling in the collection action defeated his malicious prosecution lawsuit:  The motion to strike the cross-complaint sought terminating sanctions for defendants' failure to comply with

2

court-ordered discovery and was unrelated to the merits of the cross-complaint; and under *Wright v. Ripley* (1998) 65 Cal.App.4th 1189 (*Wright*), the denial of the postjudgment motion for attorney fees as a sanction did not defeat probable cause for the malicious prosecution lawsuit as a matter of law. Plaintiff argued probable cause supported his malicious prosecution claim, and defendants' special motion to strike was brought in bad faith. He supported his argument with a declaration and exhibits.

Defendants replied that the late filing should be excused because of the delayed transcript, and that regardless of whether the denial of the attorney fees motion was entitled to preclusive effect, it illustrated that the same or similar issues had been presented in the collection action. Defendants also noted that although late, the motion was filed before plaintiff had initiated discovery or other activity in the case. They argued the matter was not set for an earlier hearing date because of docket congestion (supported by an attorney declaration relating a conversation with the calendaring clerk); the intent and purpose of the statute authorizing the special motion to strike would be furthered by considering the merits of the motion; and plaintiff failed to meet his burden on the issue of probable cause.

The trial court denied the motion, finding defendants' "excuse inadequate to support an extension" of the 60-day filing deadline and declining to exercise its discretion to consider the motion as timely. In denying the motion, the trial court noted that even if it were to consider the special motion as timely, the motion would be denied. Citing *Wright*, the court ruled that an order denying a motion for sanctions under Code of Civil Procedure section 128.5 does not bar a later action for malicious prosecution as a matter of law. Nor did the tentative ruling denying plaintiff's motion to strike the cross-complaint provide a basis to dismiss the malicious prosecution lawsuit, as it did not determine probable cause but merely whether defendants should be sanctioned for failing to comply with an order to compel interrogatory responses. The court further reasoned that a tentative ruling is not a final ruling and therefore cannot be a basis for res judicata

3

or collateral estoppel.  Thus, even if the court were to consider the special motion as timely, the motion would be denied.

## DISCUSSION

"A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (Code Civ. Proc., § 425.16, subd. (b)(1); undesignated statutory references are to this code.)  The special motion to strike, commonly referred to as an anti-SLAPP motion, is intended to prevent persons from using the courts to "chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."  (*Id*., subd. (a).)  Malicious prosecution causes of action, such as the case here, fall within the purview of the anti-SLAPP statute.  (*Jarrow Formulas*, *Inc*. *v*. *LaMarche*, *supra*, 31 Cal.4th at p. 741.)

The trial court decides an anti-SLAPP motion after "consider[ing] the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  (§ 425.16, subd. (b)(2).)  If the defendant shows the challenged claim arises from protected activity, "the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success."  (*Baral v*. *Schnitt* (2016) 1 Cal.5th 376, 384.)  The court's inquiry "is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment.  It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law."  (*Id*. at pp. 384–385.)  " '[C]laims with the requisite minimal merit may proceed.' "  (*Id*. at p. 385.)

4

Subdivision (f) of section 425.16 provides: "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing." Thus, a defendant is entitled to file an anti-SLAPP motion within 60 days of service of the complaint; thereafter, filing may or may not be allowed, in the trial court's discretion. (*Hewlett-Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174, 1186 (*Hewlett-Packard*).)

We review the denial of an anti-SLAPP motion as untimely for abuse of discretion. (*Hewlett-Packard*, *supra*, 239 Cal.App.4th at p. 1187.) A trial court abuses its discretion when a ruling is "whimsical, arbitrary, or capricious, i.e., that the trial court exceeded the bounds of reason." (*Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 285 (*Olsen*).) Abuse of discretion is also shown where "the trial court erred in acting on a mistaken view about the scope of its discretion." (*Ibid.*) Reversal of an order denying an anti-SLAPP motion as untimely "would require showing (1) the grounds given by the court for finding the anti-SLAPP motion untimely are inconsistent with the substantive law of section 425.16, or (2) the application to the facts of [the] case is outside the range of discretion conferred upon the trial court under that statute, read in light of its purposes and policy." (*Ibid.*) Stated differently, "a claim that a trial court abused its discretion by failing to entertain a late anti–SLAPP motion requires the appellant to demonstrate that the trial court applied the statute in a manner that is incompatible either with the statute's actual mandate, or with its 'purposes and policy.' " (*Hewlett-Packard*, at p. 1188.)

We see no abuse of discretion on this record. Defendants filed a motion in which they argued that, as a matter of law, plaintiff could not demonstrate probable cause to support his malicious prosecution lawsuit because he lost two motions in the underlying collection action. In a supporting declaration, defendant Adam Wang stated that the anti-SLAPP motion could not be timely filed because the court reporter did not respond

to his requests for a transcript of the hearing on plaintiff's postjudgment motion for attorney fees. Aside from the fact that Wang's request failed to inform the court reporter that he was working under a 60-day deadline, the transcript of that hearing (as well as the fact that the postjudgment motion was brought and denied) was not germane to the anti-SLAPP motion under *Wright*.

The *Wright* court held that issues resolved on a routine motion for sanctions are not entitled to preclusive effect in a later action for malicious prosecution. (*Wright*, *supra*, 65 Cal.App.4th at p. 1191.) The defendants in *Wright* moved for judgment on the pleadings in a malicious prosecution case, contending the issue of malice had been conclusively determined in their favor in an earlier malpractice suit against Wright. In the earlier case, Wright's requests for sanctions under section 128.5 were denied on grounds that his successful summary judgment motions did not establish bad faith. (*Wright*, at pp. 1191–1193.) The appellate court explained that proceedings under section 128.5 were not intended to replace suits for malicious prosecution; any sanctions imposed under section 128.5 are additional to " 'any other liability imposed by law for acts and omissions within the purview of this section [citation] and limits recovery to 'reasonable' out-of-pocket litigation expenses, rather than actual damages.' " (*Wright*, at p. 1195.) The court observed that the judicial economy served by the summary resolution of a sanctions motion would be undermined should denial of a section 128.5 motion be given collateral effect. (*Wright*, at p. 1194.) Further, "if collateral estoppel effect were given to the denial of such motions, it would also have to be given when they are granted." (*Id*. at p. 1195.) The court continued, "It is difficult to imagine the extent to which judicial economy would be compromised if every lawyer against whom sanctions were sought understood that such an award would constitute a binding adjudication on issues of his or her unprofessional conduct. Regular court business would grind to a halt while lawyers exercised their full due process rights to fight the charges." (*Ibid*.) The court also noted that the denial of a request for sanctions will not always reflect the merits

of a malicious prosecution claim, "for the simple reason that 'trial courts may be more reluctant to charge litigants or attorneys appearing before them with bad faith than juries to whom such persons are total strangers.' " (*Ibid*., quoting *Crowley v. Katleman* (1994) 8 Cal.4th 666, 689, fn. 12.)

Defendants argue that denying their motion, which was "supported by substantial merit" and based on minimal delay caused by a good-faith belief in the need for the transcript, is inconsistent with the statutory objective of the anti-SLAPP statute and thus constitutes an abuse of discretion. Citing *Hewlett-Packard*, defendants argue that the overarching purpose of the anti-SLAPP statute "is to prevent and deter lawsuits chilling speech and petition rights by establishing a procedure where the trial court evaluates the merits of the lawsuit using a summary judgment like procedure at an early stage of the litigation . . . before the parties incur substantial costs." Defendants contend that purpose would be thwarted here, where the filing delay was minimal.

In light of *Wright* and *Crowley*, we reject defendants' argument that the late filing was supported by a good-faith belief in the need to obtain and review the transcript. We also reject the argument that the merits of defendants' motion are relevant to the timeliness inquiry. "Discretion to permit or deny an untimely motion cannot turn on the final determination of the merits of the motion." (*Olsen*, *supra*, 134 Cal.App.4th at p. 286.)

We recognize defendants filed the anti-SLAPP motion shortly after the 60-day filing period expired and before discovery commenced, and that the matter was continued for more than six months for plaintiff to conduct limited discovery before responding to the motion. But a plaintiff opposing a late anti-SLAPP motion is not required to show prejudice. (*Olsen*, *supra*, 134 Cal.App.4th at p. 287.) Further, denying a motion filed outside the 60-day filing period without sufficient cause and based on grounds unequivocally rejected by decisional law over two decades ago is not incompatible with

7

the purpose of the statute to resolve anti-SLAPP motions at an early stage in the litigation.

In *Hewlett-Packard*, the anti-SLAPP motion could not have been filed within the 60-day statutory period because the grounds for the motion did not exist at that time. (*Hewlett-Packard*, *supra*, 239 Cal.App.4th at p. 1183 [motion based on " 'changed . . . damages theory' " following trial court's determination on liability].) The appellate court focused not on meeting the statutory filing deadline, but on whether denying the motion contravened the purposes and policy of the anti-SLAPP statute. (*Id*. at pp. 1187–1188.) In that regard the court noted the special motion was brought too late to accomplish the statutory objectives. (*Id*. at pp. 1189–1191.) But the *Hewlett-Packard* court also observed that the statutory purpose to weed out meritless claims at an early stage is reflected in the 60-day time requirement, and "[i]f such a motion is untimely—as it will be in the absence of some event which has reopened the 60–day period—the trial court cannot abuse its discretion by refusing to hear it." (*Id*. at p. 1189.) Consistent with those observations, here the trial court did not abuse its discretion by denying defendants' motion based on their failure to demonstrate good cause for the late filing. (See *Morin v. Rosenthal* (2004) 122 Cal.App.4th 673, 681 [no abuse of discretion where "nothing prevented the defendants from timely *filing* their SLAPP motions"].) The statutory time limits—and the trial court's discretion—would be rendered meaningless if the trial court were required to accept a late filed motion in the absence of good cause.

Because we affirm the denial of defendants' anti-SLAPP motion on timeliness grounds, we do not address the trial court's alternative basis for denying the motion, or whether plaintiff established probable cause to support the malicious prosecution lawsuit. Defendants' motion to augment the record on appeal with evidence received in the collection action is denied as unnecessary.

8

## DISPOSITION

The order denying defendants' special motion to strike is affirmed.[2]  The parties shall bear their own costs on appeal.  (Cal. Rule of Court, rule 8.278(a)(5).)

---

[2] We decline plaintiff's invitation to sanction defendants for pursuing a frivolous appeal.

_____

Grover, Acting P.J.

**WE CONCUR:**

_____

Danner, J.

_____

Wilson, J.

H047272 - *Bedolla v. Wang et al.*