Filed 1/21/25  Ruano v. Goldberg CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LAURA RUANO,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>JULIE GOLDBERG,<br><br>  Defendant and Appellant. | B326833<br><br>(Los Angeles County<br>Super. Ct. No. 21VECV01054) |

APPEAL from an order of the Superior Court of Los Angeles County, Valerie Salkin, Judge.  Reversed in part, affirmed in part.

Keleti Law, S. Martin Keleti, for plaintiff and appellant.

Miller Miller Gerber, Jonathan L. Gerber and Corey A. Miller, for defendant and appellant.

Appellant and plaintiff Laura Ruano (Ruano) was married to Luis Ruano (Luis).[1]  Defendant and appellant Julie Goldberg, an attorney, represented Luis in the couple's marital dissolution proceedings.  Ruano filed a civil action against Goldberg in which she alleged that Goldberg previously represented her in other legal matters and violated her fiduciary duties by representing Luis.  Goldberg successfully moved to strike Ruano's operative second amended complaint as a strategic lawsuit against public participation (SLAPP) pursuant to Code of Civil Procedure, section 425.16.[2]

Both Goldberg and Ruano appeal from the trial court's order granting the anti-SLAPP motion.  Goldberg contends the trial court prematurely denied her request for attorney fees, which she indicated she would seek in a separate motion.  Ruano contends the trial court erred in reaching the merits of the anti-SLAPP motion because it was untimely and filed without prior court leave.  We reverse the order for consideration of Goldberg's entitlement to attorney fees and otherwise affirm the order.

## BACKGROUND

### A.    Ruano's Allegations

The following allegations are taken from Ruano's initial complaint.

Ruano was married to Luis, who had an adult son, Roberto, from a prior relationship.  Ruano and her father co-owned a

---

[1]    Laura Ruano shares a surname with two nonparties who are mentioned in this opinion, her former husband, Luis Ruano, and Luis's son, Roberto Ruano II.  We refer to the plaintiff, Laura, as "Ruano" and to Luis and Roberto by their first names.

[2]    All statutory references are to the Code of Civil Procedure.

restaurant, and in 2019, Ruano alleged, they turned to Roberto for legal assistance.

Goldberg is a lawyer, and Roberto worked at her firm in a non-attorney role. According to Ruano, Goldberg held herself out as Ruano's attorney, and in exchange for discounts on food, provided legal advice and services to her, the restaurant, and Luis. Goldberg did not ask Ruano to sign a conflict of interest waiver and did not explain that joint representation of Ruano, the restaurant, and Luis prevented her from litigating for one party against the other "in violation of the California Code of Ethics and Rules . . . ."

Problems arose between Luis and Ruano in 2020. According to Ruano, Goldberg acted adversely to her by preventing her from accessing her personal property, directing Luis and Roberto to sell a community property vehicle, and coercing Roberto to file a false police report against her. A petition for the dissolution of the marriage was filed, and in February 2021, Goldberg "personally served" Ruano.

## B. Procedural Background

### 1. *Initial Civil Complaint*

On August 10, 2021, Ruano filed a civil complaint against Goldberg and Roberto. She asserted causes of action against Goldberg for breach of fiduciary duty, interference with marital relations, and intentional infliction of emotional distress (IIED). Goldberg demurred to the complaint, and the demurrer was overruled.

### 2. *Family Court's Finding of No Attorney-Client Relationship*

In the meantime, the marital dissolution proceedings were moving forward in the family court. On February 2, 2022, Ruano filed a petition to disqualify Goldberg from representing Luis in the dissolution proceedings. On March 22, 2022, the family court held a hearing on the petition. After considering evidence submitted by Ruano and Goldberg, the family court denied the petition, finding that Goldberg's law firm "wasn't retained" by Ruano, and Goldberg had not received privileged and confidential information from Ruano.

### 3. *Second Amended Complaint*

In mid-August, 2022, Ruano filed the operative second amended complaint.[3] Along with the claims for breach of fiduciary duty and IIED, and she added counts for ejectment, conversion, and negligent infliction of emotional distress.[4] Ruano again alleged that she and Goldberg had been in an "attorney/client relationship" and Goldberg provided legal advice and services. Subsequently, Ruano voluntarily dismissed the ejectment, conversion, and negligent infliction of emotional distress claims against Goldberg, leaving only the claims for IIED and breach of fiduciary duty.

---

[3]     Ruano's first amended complaint was stricken because she failed to comply with a court order that directed her to meet and confer with the defendants before filing it.

[4]     The cause of action for interference with marital relations was omitted from the second amended complaint.

### 4. *Anti-SLAPP Motion*

On October 17, 2022, Goldberg filed an anti-SLAPP motion directed to the IIED cause of action in the second amended complaint, as well as a demurrer. Ruano filed an opposition to the motion, but she filed a notice of non-opposition to the demurrer, "conced[ing] that she no longer asserts any causes of action against Goldberg."

At the hearing on the anti-SLAPP motion and demurrer,[5] the trial court took judicial notice of Ruano's family court petition, the transcript of the hearing, and the family court's order. The trial court held that Goldberg's motion was timely. It reasoned she could not have filed an anti-SLAPP motion directed at the IIED claim in the initial complaint because the claim relied upon and alleged breach of a fiduciary duty arising from an attorney-client relationship. However, a "key development" occurred when the family court found there was no such attorney-client relationship. This "judicially-noticed factual determination . . . clearly contradicts [Ruano's] allegation that she was represented by Goldberg." The court found that deciding the merits of an anti-SLAPP motion would further the purpose of section 425.16 by "provid[ing] a mechanism for the early termination of claims that are improperly aimed at the exercise of free speech or the right of petition." The trial court granted the motion, but it denied Goldberg's request for attorney fees, finding she was a self-represented litigant.

Goldberg timely appealed from the order denying her of attorney fees. Ruano filed a timely appeal from the order granting the anti-SLAPP motion.

---

[5]     The trial court found the demurrer to be moot, and Goldberg does not challenge this ruling on appeal.

In pursuing her appeal, Goldberg submitted a proposed settled statement to the trial court in lieu of a reporter's transcript. In a June 1, 2023 minute order, the trial court stated that, after reviewing the proposed settled statement, it "acknowledge[d] its error in declining to schedule a hearing as to attorney fees for Goldberg, but lacks jurisdiction to modify the order pending appeal."

## DISCUSSION

### A.    Goldberg's Appeal

Goldberg's sole claim of error is that the trial court prematurely denied her request for attorney fees. Goldberg indicated in her anti-SLAPP motion that she would be filing a separate motion for fees. She seeks to recover the cost of retaining an attorney, S. Martin Keleti, to draft the anti-SLAPP motion and handle related proceedings.

Section 425.16, subdivision (c) provides that "'a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.'" (*G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 620 (*G.R.*).) "'The language of the anti-SLAPP statute is mandatory; it requires a fee award to a defendant who brings a successful motion to strike.' [Citation.]" (*Ibid.*) A successful defendant "has the option of utilizing a separate noticed attorney fee motion." (*Am. Humane Ass'n v. L.A. Times Communications* (2001) 92 Cal.App.4th 1095, 1103.) We review the order denying attorney fees for abuse of discretion. (*G.R., supra,* 185 Cal.App.4th at p. 620.)

The trial court granted Goldberg's anti-SLAPP motion. As the prevailing defendant, Goldberg was entitled to a hearing on her motion for attorney fees, and denial of fees was premature.

6

The trial court correctly recognized this when it reviewed the settled statement.

Ruano contends that attorney fees were properly denied because Goldberg requested an award in her anti-SLAPP motion, because she was a self-represented litigant, and because she did not incur the fees to extract herself from the lawsuit. Ruano's first argument lacks merit because, as we have explained, Goldberg was entitled to seek attorney fees in a separate motion, and stating her intention to do so did not waive that right. The latter two arguments are premature, and on remand, can be raised in opposition to Goldberg's motion.

## B.     Ruano's Appeal

Ruano does not challenge the merits of the order granting the anti-SLAPP motion. Instead, she argues the trial court never should have reached the merits because the motion was untimely and filed without prior leave of court.

### 1.     *Governing Law*

"The anti-SLAPP statute creates a procedure to 'resolve quickly and relatively inexpensively meritless lawsuits that threaten free speech on matters of public interest.'" (*Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203, 208 (*Starview*), quoting *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 639 (*Newport Harbor II*).) To that end, a court may strike a cause of action if it (1) arises from an act in furtherance of the right of petition or free speech "'in connection with a public issue,'" and (2) the plaintiff has not established "'a probability'" of prevailing on the claim. (*Ibid*; see § 425.16, subd. (b)(1).) Section 425.16 "establishes a procedure

where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation. [Citation.] In doing so, section 425.16 seeks to limit the costs of defending against such a lawsuit." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192; *Newport Harbor II, supra*, 4 Cal.5th at p. 642.)

An anti-SLAPP motion "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." (§ 425.16, subd. (f).) When the trial court exercises its discretion to hear a later-filed motion, we will find an abuse of discretion only when there is a clear showing it exceeded the bounds of reason. (*Kunysz v. Sandler* (2007) 146 Cal.App.4th 1540, 1543.)

2.  *The Trial Court Did Not Err in Reaching the Merits of the Anti-SLAPP Motion*

Ruano argues that the anti-SLAPP motion was untimely because the second amended complaint's IIED allegations were "substantively identical" to IIED allegations in the initial complaint, and an anti-SLAPP motion may not be directed to causes of action included in an earlier complaint. She also argues that Goldberg improperly delayed filing the anti-SLAPP motion until seven months after the family court made its finding of no attorney-client relationship between Goldberg and Ruano. Ruano failed to make these arguments to the trial court, and accordingly, they are forfeited.[6] (*Kaufman & Broad*

---

[6]     Ruano argued below that the motion was untimely because it was filed more than 60 days after service of the *initial* complaint, and Goldberg did not explain the delay.

*Communities, Inc. v. Performance Plastering, Inc*. (2006) 136
Cal.App.4th 212, 226.)

Forfeiture notwithstanding, the trial court did not err in
deciding the motion on its merits, as its reasons for doing so were
within "the range of discretion conferred upon the trial court
under [section 425.16], read in light of its purposes and policy."
(See *Olsen v. Harbison* (2005) 134 Cal.App.4th 278, 285.)

Once the family court determined there was no attorney-
client relationship between Ruano and Goldberg, the basis for
Ruano's IIED claim no longer existed.  Instead of dismissing it,
however, Ruano carried the claim and allegations forward into a
second amended complaint.  Ruano admitted the IIED claim was
unmeritorious when she filed a non-opposition to Goldberg's
demurrer, and in this appeal, she does not argue that the IIED
claim arose from non-protected conduct or that she demonstrated
a likelihood of success.  This was the kind of meritless claim the
anti-SLAPP statute was designed to eliminate.  (See, e.g.,
*Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 408–409
[communicative acts performed by attorneys in representing a
client in a judicial proceeding are per se protected as petitioning
activity by the anti-SLAPP statute].)

Furthermore, even though the anti-SLAPP motion was
filed more than a year after Ruano filed suit, the trial court's
consideration of the motion on its merits fulfilled the statutory
purpose.  It was Ruano who waited a full year to file the second
amended complaint, and Goldberg filed the anti-SLAPP motion
within the 60-day period that followed.[7]  At the time, the case

---

[7]     Goldberg was electronically served with the second amended
complaint on August 17, 2022.  The 60th day thereafter, Sunday,

9

was not at issue; there was no trial date; and Ruano does not suggest that discovery was underway. In light of all of these circumstances, the trial court did not exceed the bounds of reason in deciding the motion on its merits.

Ruano also argues the trial court erred in reaching the anti-SLAPP motion's merits because Goldberg did not obtain advance leave to file it. Our colleagues in this district have held prior leave is not required.[8] "Section 425.16, subdivision (f) . . . does not require a moving defendant to request leave of court prior to filing an untimely motion." (*Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676, 684.) "[A] court has the discretion to consider, and grant or deny on the merits, a special motion to strike filed after the 60-day deadline even if the moving defendant fails to request leave of court to file an untimely motion." (*Ibid*.) "Because a court has the discretion to consider an untimely special motion to strike," it "may very well elect to do so if it appears that the motion has merit . . . ." (*Ibid*.)[9] We agree

_____

October 16, 2022, was extended by the service method and the weekend deadline. (§ 1010.6, subd. (3)(B); 12a, subd. (a)].) She filed the anti-SLAPP motion on October 17, 2022.

[8] Other courts appear to disagree. In *Hewlett-Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174, our colleagues in the Sixth District collected cases where "courts have suggested that [§ 425.16, subd. (f)] empowers a trial court to require advance leave before the defendant is permitted to file such a motion." (*Id.* at p. 1186 [citing decisions from the Third and Fourth Districts].)

[9] Ruano suggests that our high court, in *Newport Harbor Ventures II, supra*, 4 Cal.5th at p. 641, "appeared to endorse" a rule requiring a leave of court before filing an anti-SLAPP motion directed to an amended complaint. However, the court, after acknowledging the trial court's discretion to permit a late motion, did not hold that this discretion must be exercised in a separate, pre-motion proceeding.

that a trial court may exercise its discretion to hear an anti-SLAPP motion without prior leave of court where, as in this case, it serves the purpose and policy of the anti-SLAPP statute to do so.

## DISPOSITION

We reverse the portion of the trial court's order that denied Goldberg's request for attorney fees and remand for further proceedings consistent with this opinion.  The remainder of the order is affirmed.  Goldberg is awarded her costs on appeal.


MORI, J.

We concur:


CURREY, P. J.


ZUKIN, J.


11